UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

JOHN LEONARD BROWN and
RENEE MARIE BROWN

    Debtors,
_____/

IVERSON'S BUILDING SUPPLY
COMPANY, INC.

    Plaintiff,

v.

JOHN LEONARD BROWN,

    Defendant.
_____/

Chapter 7 Proceeding
Case No. 15-31542-dof
Honorable Daniel S. Opperman

Adv. Proc. Case No. 15-3140-dof
Honorable Daniel S. Opperman

## TRIAL OPINION FINDING A PORTION OF DEFENDANT JOHN LEONARD BROWN'S DEBT TO PLAINTIFF NON-DISCHARGEABLE PER 11 U.S.C. § 523

### Introduction and Statement of Jurisdiction

This case involves Plaintiff's request that the Court except from discharge certain monies it is owed by Defendant. The debt at issue arises from a contract between the parties under which Plaintiff provided Defendant with construction materials and supplies. Plaintiff alleges Defendant owed and violated a fiduciary duty to Plaintiff regarding said materials, and obtained them through fraud. By agreement, the parties submitted this case to the Court by filing briefs and supporting affidavits and documents. The Court issues this Opinion based on those documents. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 28

1

U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

Findings of Fact

Defendant is a carpenter and the owner and operator of a business known as Brown's Carpentry, LLC.[1] In May 2014 Plaintiff and Defendant entered into a commercial credit agreement so Defendant could purchase from Plaintiff construction supplies and materials on credit. In the months following the agreement, Defendant requested and Plaintiff provided building supplies and materials for Defendant to use on construction projects. The only project relevant to this matter involved Defendant agreeing to construct a pole barn for an individual named Craig Kade (the "Kade Project").

Defendant was to receive a total of $33,500.00 for his work on the Kade Project. Per the credit agreement, Plaintiff provided materials and supplies to Defendant for use on the Kade Project. Defendant admits that he still owes Plaintiff a debt of $12,172.35 for those materials and supplies. Plaintiff filed its adversary complaint asking the Court to except that entire debt from discharge. Defendant argues that only a small portion of that debt should be excepted from discharge.

The Court has reviewed the credit agreement, the Defendant's responses to Plaintiff's requests for admissions, all financial documents provided by the parties relevant to the Kade Project contract, and the other documents attached to the parties' pleadings. The Court also made its own calculations based on the copies of checks and account documents provided.

---

[1] Brown's Carpentry, not Defendant, entered into the credit agreement at issue with Plaintiff. However, Defendant guaranteed that contract on Brown's Carpentry's behalf, is the company's owner and operator, and concedes he is personally liable for the debt. Accordingly, the Court will treat Defendant and his company as one for purposes of this case and will refer simply to "Defendant" when discussing this matter.

Based on that review and those calculations, the Court makes the following findings regarding the amounts at issue.

Defendant was paid a total of $23,502.08 for work done on the Kade Project. He did not receive full payment because he did not complete the pole barn. Defendant produced documents reflecting expenses connected to the Kade Project in the amount of $19,965.70. Those expenses included payments to subcontractors, materialmen, and laborers. Of that amount, the checks Defendant produced show that he paid his son a total of $6,800.00 for labor on the project. Plaintiff expressed concern about Defendant's payments to his son, but did not offer any credible evidence contesting Defendant's sworn affidavit stating that his son worked on the Kale Project and was paid $6,800.00 for his labor. The record before the Court does not include any information that contradicts Defendant's claim that he paid his son for labor on the Kade Project. Therefore, the Court finds that those payments did arise from and were connected to his son's labor on that project. Defendant failed to account for the remaining $3,536.38—the difference between what he received in payment on the Kade Project and what he paid for expenses connected to that project.

Discussion

A.  **Count I—Fraud or Defalcation While Acting in a Fiduciary Capacity**

Plaintiff's first count alleges that Defendant committed fraud or defalcation while acting as a fiduciary. 11 U.S.C. § 523(a)(4) excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . ." According to the Sixth Circuit, defalcation for purposes of § 523(a)(4) "occurs through the misappropriation [of] or failure to properly account for [ ] funds" by a fiduciary. R.E. America, Inc. v. Garver (In re

*Garver*), 116 F.3d 176, 180 (6th Cir. 1997) (citation omitted). Thus, to prevail a plaintiff must prove a "pre-existing fiduciary relationship." *Patel v. Shamrock Floorcovering Services, Inc. (In re Patel*), 565 F.3d 963, 968 (6th Cir. 2009); *see also In re Johnson*, 691 F.2d 249, 251-52 (6th Cir. 1982) ("The requisite trust relationship must exist prior to the act creating the debt and without reference to it.") (citations omitted).

To establish a fiduciary obligation, the plaintiff must prove a fiduciary relationship in the form of either an express trust or technical trust relationship. *R.E. America, Inc. v. Garver (In re Garver*), 116 F.3d 176, 178-79 (6th Cir. 1997). Relevant to this case, the Michigan Builders Trust Fund Act ("MBTFA") imposes on a contractor a fiduciary obligation owing to laborers, subcontractors, and materialmen, and that obligation results in a technical trust for purposes of § 523. The fiduciary relationship the MBTFA establishes arises when monies are paid to the contractor or subcontractor, exists whether or not there are any beneficiaries of the trust at that time, and continues until all the trust beneficiaries have been paid. *Patel v. Shamrock*, 565 F.3d at 969 (internal quotation marks and citation omitted). Per the MBTFA, a contractor must use monies he receives on a building contract first to pay laborers, subcontractors or materialmen before using such monies for any other purpose. *See id*. at 970. Doing otherwise constitutes defalcation for purposes of § 523(a)(4). *Id*.

As a contractor under the MBTFA, Michigan law required Defendant to use Kade Project funds to pay subcontractors, materialmen, and laborers before using them for any other purpose. Per the MBTFA, Defendant owed a fiduciary obligation to a materialman like Plaintiff regarding funds received for the Kade Project. That obligation resulted in the existence of a technical trust involving Defendant and Plaintiff, and that trust is subject to § 523(a)(4). *See Patel*, 565 F.3d at 969-70.

Defendant was paid $23,502.08 for the Kade Project and the MBTFA required Defendant utilize those funds to pay any subcontractors, materialmen, and laborers before spending them elsewhere. However, Defendant only used $19,965.70 of the funds to pay those the MBTFA protects. Thus, Defendant failed to use all of the funds the MBTFA requires. That failure constituted a breach of his fiduciary obligation to his subcontractors, materialmen, and laborers, which group includes Plaintiff. Defendant concedes as much as he has recognized that some portion of the debt he owes Plaintiff is not dischargeable. As a result of Defendant's breach, Plaintiff suffered a loss as a result in the amount Defendant still owes Plaintiff, namely $12,172.35. The Court therefore holds that Defendant violated § 523(a)(4) by defalcating funds included in his debt to Plaintiff, injuring Plaintiff as a result. As such, at least some portion of that debt is not dischargeable. The remaining issue before the Court, then, is the amount that is not dischargeable.

The Court holds that $3,536.38 of the debt Defendant owes Plaintiff is not dischargeable per § 523(a)(4). Defendant produced credible evidence, including cancelled checks and bank statements, demonstrating that he paid $19,965.70 to subcontractors, materialmen, or laborers connected to the Kade Project. That amount includes money Defendant paid his son for work on the project. The Court has no evidence before it contradicting Defendant's assertion, in the form of a sworn affidavit, that the payments to his son were connected to the Kade Project and the record does not include any information suggesting the Court should not attribute those monies to work done on the Kade Project. Accordingly, the Court holds that of the total $23,502.08 Defendant received for the Kade Project, he wrongfully retained $3,536.38 that he should have paid to subcontractors, materialmen, or laborers like Plaintiff. Thus, the Court holds that $3,536.38 of the debt Defendant owes Plaintiff is not dischargeable.

**B.     Count II—False Representation**

Plaintiff's complaint also contained a count for false representation. However, Plaintiff did not argue this count in his briefs and the record contains no evidence supporting a finding that Defendant engaged in false representations regarding the debt at issue. Accordingly, the Court denies Plaintiff's count for false representation.

The Court directs Plaintiff to prepare and submit an Order consistent with this Opinion and the presentment of order procedures of this Court.

.

**Signed on November 21, 2016**

                                          **/s/ Daniel S. Opperman**
                                          **Daniel S. Opperman**
                                          **United States Bankruptcy Judge**